UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------X
DANNY FARRINGTON,

        Plaintiff,

-against-

SGT. MICHAEL POOLE,
C.O. HEATH FURBECK,
C.O. JOSEPH HALEY,
C.O. ANDREW COHEN,
C.O. PADRAIC LYMAN,
C.O. ERIK GETTINGS,
C.O. VINCENT LIVRERI and
C.O. DAVID DOLLARD,

        Defendants.
---------------------------------X

**COMPLAINT**

Plaintiff Demands a Trial by Jury

9:22-cv-356 (GTS/CFH)

U.S. DISTRICT COURT – N.D. OF N.Y.
FILED
Apr 15 - 2022
John M. Domurad, Clerk

        Plaintiff, by his attorneys Sivin, Miller & Roche, LLP, complaining of defendants, alleges as follows, upon information and belief:

### THE PARTIES AND JURISDICTION

        1. That at all times herein mentioned, plaintiff was and is a citizen of the State of New York.

        2. That at all times herein mentioned, plaintiff was incarcerated at Albany County Correctional Facility (ACCF), in Albany, NY, based on a parole violation, and was under the care, custody, and control of the County of Albany (the County).

        3. That at all times herein mentioned, defendants were and are citizens of the State of New York.

        4. That at all times herein mentioned, defendant SGT. MICHAEL POOLE (Poole) was a sergeant employed at ACCF by the County.

5. That at all times herein mentioned, defendant C.O. HEATH FURBECK (Furbeck) was a correction officer employed at ACCF by the County.

6. That at all times herein mentioned, defendant C.O. JOSEPH HALEY (Haley) was a correction officer employed at ACCF by the County.

7. That at all times herein mentioned, defendant C.O. ANDREW COHEN (Cohen) was a correction officer employed at ACCF by the County.

8. That at all times herein mentioned, defendant C.O. PADRAIC LYMAN (Lyman) was a correction officer employed at ACCF by the County.

9. That at all times herein mentioned, defendant C.O. ERIK GETTINGS (Gettings) was a correction officer employed at ACCF by the County.

10. That at all times herein mentioned, defendant C.O. VINCENT LIVRERI (Livreri) was a correction officer employed at ACCF by the County.

11. That at all times herein mentioned, defendant C.O. DAVID DOLLARD (Dollard) was a correction officer employed at ACCF by the County.

12. That at all times herein mentioned, defendants were acting within the course and scope of their employment with ACCF and the County.

13. That at all times herein mentioned, defendants were acting under color of state law.

14. That this Court has jurisdiction over this action in that the action arises under 42 USC § 1983 and alleges violations of plaintiff's civil rights, including rights guaranteed under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

15. That venue is proper in the Northern District of New York, which is where the events underlying this lawsuit occurred.

## THE FACTS

16. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

17. On May 21, 2020, inside ACCF, plaintiff verbally complained and expressed his displeasure to Sgt. Poole about what plaintiff perceived as unjust orders and treatment by Poole.

18. Plaintiff's verbal complaint to Poole represented a legitimate exercise of his First Amendment right of free speech and his First Amendment right to petition the government for redress of grievances.

19. In response to plaintiff's complaint, Poole forcibly brought plaintiff to the ground and then assaulted, battered, and brutally beat plaintiff without justification.

20. After forcibly bringing plaintiff to the ground, Poole also summoned other officers to participate in the brutal assault, battery, and beating of plaintiff.

21. In response to Poole's summoning, several correction officers, including Furbeck, Haley, Cohen, Lyman, Gettings, Livreri, and Dollard responded to the location and, together with Poole, continued the assault, battery, and brutal beating of plaintiff.

22. The defendants, collectively and in concert with each other, continued the assault and battery and brutal beating of plaintiff, which included but was not limited to punching, kicking, and kneeing plaintiff, discharging chemical spray into plaintiff's face at close range, and forcibly slamming plaintiff against the wall and ground.

23. The aforementioned assault and battery and brutal beating by defendants was sadistic and malicious, and was not undertaken for any legitimate penological purpose, and further demonstrated a deliberate indifference to plaintiff's health and safety.

24. Each of the defendants observed portions of the illegal and unconstitutional actions of his fellow officers toward plaintiff, each had reasonable opportunities to intervene to prevent and/or stop those actions, and each deliberately failed to intervene.

25. As a result of the aforesaid actions by defendants, plaintiff sustained severe personal injuries, including but not limited to severe trauma to the head resulting in brain damage, endured and will continue to endure pain and suffering and loss of enjoyment of life, suffered and will continue to suffer economic loss, and has been otherwise damaged.

26. Following the aforementioned assault and battery and brutal beating, Poole and Furbeck caused to be issued to plaintiff a written Inmate Disciplinary Report Form (the Report) in which they made allegations against plaintiff that were false and that Poole and Furbeck knew were false.

27. Among the knowingly false allegations that Poole and Furbeck included in the Report were claims that plaintiff "chest bumped Sergeant Poole" and that plaintiff "turned on Sergeant Poole."

28. The Report was issued by Poole and Furbeck in retaliation for plaintiff having exercised his right to free speech and his right to petition the government for redress of grievances, both guaranteed under the First Amendment to the U.S. Constitution.

29. As a result of the issuance of the Report, plaintiff was sentenced and confined to the Special Housing Unit (SHU) at the ACCF, and suffered an atypical and significant hardship in relation to the ordinary incidents of incarceration.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (42 USC § 1983: Eighth Amendment)

30. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

31. The aforementioned acts by defendants were in violation of the rights guaranteed to plaintiff under the Eighth Amendment to the US Constitution to be free from cruel and unusual punishment.

32. As a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (42 USC § 1983: Fourteenth Amendment)

33. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

34. The aforementioned acts by defendants were in violation of the right to substantive due process guaranteed to plaintiff under the Fourteenth Amendment to the US Constitution.

35. As a result thereof, plaintiff is entitled to recover damages from defendants pursuant to 42 USC § 1983.

### THIRD CAUSE OF ACTION AGAINST POOLE and FURBECK
### (42 USC § 1983: First Amendment)

36. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

37. The aforementioned act by Poole and Furbeck in issuing and/or causing to be issued a knowingly false Inmate Disciplinary Report was in violation of plaintiff's rights under the First Amendment to free speech and to petition the government for redress of grievances.

38. As a result thereof, plaintiff is entitled to recover damages from Poole and Furbeck pursuant to 42 USC § 1983.

WHEREFORE, plaintiff seeks judgment against defendants, and each of them, for compensatory damages in the amount of Two Million ($2,000,000.00) Dollars, and plaintiff also seeks punitive damages against all defendants in an amount to be determined by the trier of fact, and plaintiff also seeks attorney's fees against all defendants pursuant to 42 USC § 1988, together with interest, costs, and disbursements of this action.

Dated: New York, New York
April 15, 2022

SIVIN, MILLER & ROCHE LLP

s/ Edward Sivin
Edward Sivin
Bar Roll Number: 514765
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007
Telephone: (212) 349-0300
Email: esivin@sivinandmiller.com